# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD GRAFFT, et al., | Case No. 1:20-cv-00804-DAD-SAB |
| Plaintiffs, | ORDER GRANTING MOTION FOR EXTENSION OF DEADINE TO FILE DISPOSITIVE DOCUMENTS |
| v. | |
| GEA FARM TECHNOLOGIES, INC., et al., | (ECF No. 15) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiffs Ronald Grafft, David Moore, and Tony Domingos filed this action against Defendants GEA Farm Technologies, Inc. and GEA North America, Inc. on June 8, 2020. (ECF No. 1.) On July 30, 2020, a notice of settlement was filed and the parties were ordered to file dispositive documents within forty-five days. (ECF No. 11.) On September 16, 2020, an order to show cause why sanctions should not issue for the failure to comply with the July 30, 2020 order was filed. (ECF No. 12.) Defendant filed a response to the order to show cause and it was discharged on September 18, 2020. (ECF Nos. 13, 14.) The parties were ordered to file dispositive documents within forty-five days. (ECF No. 14.) On October 22, 2020, a document entitled "STIPULATION OF DISMISSAL PURSUANT TO SETTLEMENT" was filed which is neither a stipulation nor does it seek dismissal.

Under Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure, 'a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a

motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)).  Here, Defendant has filed an answer, so this action cannot be dismissed pursuant to Rule 41(a)(1)(A)(i).

Federal Rule of Civil Procedure 41(a)(1)(A)(ii) provides that a "plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(ii).  A party may also dismiss an action by filing a motion requesting the Court to dismiss the action.  Fed. R. Civ. P. 41(a)(2).  A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the sound discretion of the district court. Hamilton v. Firestone Tire & Rubber Co. Inc., 679 F.2d 143, 145 (9th Cir. 1982).

The notice of dismissal is defective under Rule 41(a) because it is not a signed stipulation by all parties who have appeared and it is not a motion under Rule 41(a)(2).  The document is only signed by defense counsel so it is not a proper stipulation.

Additionally, the document does not seek dismissal of the action, but states that the parties are stipulating to dismiss the eight cause of action that alleges claims under the Private Attorney General Act.  The Ninth Circuit has held that Federal Rule of Civil Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do so.  See Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals.  Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15]."); Ethridge v. Harbor House Rest., 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim complaint."); but see Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997) ("The Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice.").  Therefore, dismissal of a single claim from the complaint would properly be filed as a motion for leave to amend under Rule 15.  While the Court has construed such stipulations as motions for leave to amend under Rule 15, as discussed above, the document filed is not signed by Plaintiffs and therefore is not a proper stipulation.  See Local

1 | Rule 143(a).

2 | Finally, the document does not request dismissal of the action, but states that the parties will seek dismissal of the balance of the case after certain additional obligations by the parties are fulfilled. (Decl. of William M. Woolman in Support of Settlement, ¶ 3, ECF No. 15-1.) The Court construes the document as a second motion for an extension of time to file dispositive documents. The parties have previously been provided with ninety days in which to finalize the settlement. The Court shall grant the parties an additional thirty days in which to file dispositive documents, and any further requests for an extension of time will be required to demonstrate good cause to further continue the deadline.

Accordingly, IT IS HEREBY ORDERED that:

1. The stipulation of dismissal is construed as a motion for an extension of time to file dispositive documents;
2. The motion for an extension of time is GRANTED;
3. Dispositive documents shall be filed within thirty (30) days of the date of entry of this order; and
4. Any further requests to continue the deadline to file dispositive documents shall be required to demonstrate good cause.

IT IS SO ORDERED.

Dated:   **October 23, 2020**

UNITED STATES MAGISTRATE JUDGE